IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************
UNITED STATES OF AMERICA,

        v.

CODY L. CHILDRESS,

        Defendant.
**********************************

Case No. 5:18-CR-062 (GTS)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a low end of the guideline sentence of 121 months.

# I

# INTRODUCTION

On April 26, 2016 and again on June 9, 2016 law enforcement officers operating in an undercover capacity were able to successfully connect to the internet and, using the peer-to-peer software eMule, downloaded video files that were being shared on eMule by the defendant.

On January 5, 2017, law enforcement officers went to the Defendant's home in Jamesville, New York and spoke to him, and with his consent searched his Apple MacBook Pro computer. During the interview, the defendant admitted that he knowingly searches for and downloads child pornography using eMule peer to peer file sharing software, and that he has been doing so for the past 3 - 4 years. Investigators showed the defendant the videos law enforcement was able to download from his eMule account, and the defendant recognized one of the videos as one that he

1

had searched for, downloaded, and viewed. The video, titled "Boy 15yo Very Nice Dick! Lolitaguy Pthc Pedo.avi," is of a juvenile male, whose age appears to be consistent with the title of the video, masturbating in front of his computer.

The defendant estimated that he currently possessed between 40-50 videos containing child pornography in his downloads folder on his Apple MacBook Pro computer. Investigators reviewed three of these videos with the defendant. The first video, titled "7 yo boy+manFucked By Dad 1- Preteen Pedo Gay Kiddy.wmv," is of a prepubescent male, whose age appears to be consistent with the title of the video. The video depicts the child being anally penetrated by, and performing oral sex on, an adult male. The second video, titled "8yo 9yo 10yo 5 little gay boys young boylovers fuck suck boyorgie pthc kdv.mpg," depicts prepubescent boys, whose ages appear to be consistent with the title of the video, performing sexual acts on each other. The third video, titled "[m+b] gay guy molests 5 yo boy (man, boy, boylove, toddler, anal, pedo, gay).avi," depicts a prepubescent male, whose age appears to be consistent with the title of the video, being anally penetrated by an adult male. The defendant admitted to searching for, downloading, and viewing these videos for sexual gratification.

A subsequent forensic review confirmed that the defendant had 51 videos that contained child pornography on his Apple MacBook Pro laptop Model A1278 bearing serial number CPWL2S7DDTY3. The Apple MacBook Pro computer was manufactured in China. All of the child pornography found on the defendant's Apple MacBook Pro computer, belonged to and was in the possession of the defendant.

The defendant knew of the sexually explicit nature of the videos he downloaded from the internet, and the material he possessed on his Apple MacBook Pro computer on January 5, 2017.

All of that material included visual depictions of actual minors engaged in sexually explicit conduct.

The videos downloaded from the defendant's computer by law enforcement officers in April and June 2016, as well as the videos found by law enforcement on the Apple MacBook Pro in the defendant's residence, were material the defendant downloaded using a computer connected to the internet in Onondaga County.

On March 26, 2018, the defendant pled guilty to Counts 1 and 2 of Information 18-CR-62. Count 1 charges from in or about July 2015 to in or about December 2016, in Onondaga County, in the Northern District of New York, the defendant did knowingly receive child pornography using a means and facility of interstate and foreign commerce, shipped and transported in and affecting such commerce by any means, including by computer, in that the defendant, using a computer connected to the Internet, downloaded numerous graphic image and video files depicting one or more minors engaged in sexually explicit conduct.  In violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1) and 2256(8)(A).

Count 2 charges that on or about January 5, 2017, in Onondaga County, in the Northern District of New York, the defendant did knowingly possess material that contained one or more images of child pornography that had been shipped and transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been shipped and transported in and affecting such commerce by any means, including by computer, that is an Apple MacBook Pro laptop Model A1278 bearing serial number CPWL2S7DDTY3 containing numerous graphic images and video files of minors engaged in sexually explicit conduct in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2) and 2256(8)(A).  This violation involved

images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

Sentencing is currently set for August 6, 2018.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1) **Statutory Sentencing Provisions**

The defendant is punishable as follows: imprisonment of at least five years and up to twenty years (18 U.S.C. § 2252A(b)(1)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

2) **Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Indictment, pursuant to 18 U.S.C. § 2253. These items include:

   a. One Apple MacBook Pro laptop Model A1278 bearing serial number CPWL2S7DDTY3.

3) **Special Assessment**

A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015. In addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014.

### 4) Guidelines Provisions

#### a. Offense Level Computation

According to the presentence report, the defendant's Total Offense Level is 32. PSR ¶ 30. The government agrees with the Probation Office's determination of the defendant's Total Offense Level.

#### b. Criminal History Category

According to the presentence report, the defendant's criminal history category is I. PSR ¶ 35. The government agrees with the Probation Office's determination of the defendant's criminal history category.

#### c. Offense Level/Guidelines Calculation

The Government has no objection to the offense level calculations in the PSR, resulting in a total offense level of 32, a Criminal History Category of I and a Guidelines range of 121-151 months. PSR ¶¶ 18-30, 57.

#### d. Supervised Release

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense. Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life. U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶ 63.

#### e. Fine

The Government agrees with the conclusion set forth in the PSR that the defendant does not appear to have the ability to pay a fine. PSR ¶ 55.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

As reflected in the various Guidelines enhancements applicable to this case, there are a number of aggravating factors implicated by the defendant's crimes that merit a guideline sentence. The defendant has been engaged in the conduct for a number of years. PSR ¶ 9 In addition, the child pornography possessed by the defendant included videos and images depicting the abuse of prepubescent children including videos and images depicting violence or sadomasochism. PSR ¶¶ 8 and 20.

The government respectfully requests that the Court impose a low end of the guidelines sentence of 121 months. Such a sentence would be sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Respectfully submitted this 12th day of July, 2018.

GRANT JAQUITH<br>
United States Attorney

By:    */s/ Geoffrey J. L. Brown*
      Geoffrey J. L. Brown
      Assistant United States Attorney
      Bar Roll No. 513495

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2018 the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record for the defendant.

                                                */s/ Jennifer Buggs*
                                               Jennifer Buggs
                                               Legal Assistant